AO 243 (Rev. 01/15)                                                                                    Page 2

### MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY   Case No. 6:15-cv-980-ORL-37-GJK

| **United States District Court** | District   MIDDLE DISTRICT OF FLORIDA | |
|---|---|---|
| Name *(under which you were convicted)*:  SARAH JAYNE ADLETA | | Docket or Case No.:  6:13-CR-74-ORL-37GJK |
| Place of Confinement:  ALICEVILLE - FCI-ALABAMA | Prisoner No.:  58305-018 | |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* | |
| v. | SARAH JAYNE ADLETA | |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    MIDDLE DISTRICT OF FLORIDA
    401 West Central Boulevard - Suite 1200
    Orlando, Florida 32801

    (b) Criminal docket or case number (if you know): 6:13-CR-74-ORL-37GJK

2. (a) Date of the judgment of conviction (if you know): _____ unknown _____

    (b) Date of sentencing: Oct. 28, 2013

3. Length of sentence: 324 Mnths on 2 counts to run Consecutive total of 648 months with supervised release for LIFE

4. Nature of crime (all counts):

    2 counts of 18:2251 - SEXUAL Exploitation of a minor

5. (a) What was your plea? (Check one)
    (1) Not guilty ☐           (2) Guilty ☒           (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
    what did you plead guilty to and what did you plead not guilty to?
              N/A

6. If you went to trial, what kind of trial did you have? (Check one)   N/A Jury ☐        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐ N/A   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☒        No ☐

AO 243 (Rev. 01/15)

9.   If you did appeal, answer the following:

(a) Name of court:   APPEALS COURT 11th Circuit

(b) Docket or case number (if you know):   13-15052BB

(c) Result:   denied

(d) Date of result (if you know):   Aug. 8, 2014

(e) Citation to the case (if you know):   unknown

(f) Grounds raised:   Did the District Court error in upwardly departing the defendant (Movant) although defendant had plea agreement with prosecution

(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____  N/A

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised:

N/A

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐   No ☒   Current 28 USC Motion 2255

11.  If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____ N/A

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

AO 243 (Rev. 01/15)

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐     N/A

(7)  Result: _____

(8)  Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: _____ N/A _____

(2)  Docket of case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised:            N/A


(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐     N/A

(7)  Result: _____

(8)  Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:          Yes ☐        No ☐
                                                          N/A
(2)  Second petition:      Yes ☐        No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A


12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

AO 243 (Rev. 01/15)

**GROUND ONE:**   Movant's 10th Amendment right was violated when Court

~~sentenced Defendant to facts found by Prosecution and Probation Office.~~

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The powers not delegated to the United States by the Constitution
nor prohibited by it to the States, are reserved to the States
respectively, or the people.  The Court sentenced Movant to en-
hancements found by the probation officer and the prosecutor,
not by a jury, which is a violation of Movant's 10th Amendment
right.

**(b) Direct Appeal of Ground One:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2)   If you did not raise this issue in your direct appeal, explain why:

Counsel never alluded to me that my 10th Amendment rights were
being violated. I learned this via my research since incarceration.

**(c) Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐   Currently raising via 28 USC 2255 Motion

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ N/A _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐                    N/A

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐                    N/A

AO 243 (Rev. 01/15)                                                                    Page 6

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND TWO:**   "INEFFECTIVE COUNSEL" - The indictment that the Movant plead guilty to should have been challenged due to its multiplicity

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
and duplicity nature.  The principal danger in multiplicitious indict-ments is that Movant received a consecutive sentence for the duplicated criminal act.  Although in most instances the multiplicity and duplicity is harmless, however, in this instance, the error is extremely harmful. It is through counsel that the accused secures their rights.  When a defendant's life is at risk of deprivation, they place all faith and hope in the  human being.  As a lay person, Ms. Adleta could not have known that she was not protected by counsel to ensure the her rights were protected and correctly activated.  Which is a viola-tion of her Sixth Amendment right, which is protected by the U.S. Constitution.

(b)  **Direct Appeal of Ground Two:**
(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐   N/A      through current 28 USC 2255 Motion

(2)  If you did not raise this issue in your direct appeal, explain why:
N/A

(c)  **Post-Conviction Proceedings:**
(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐      N/A

AO 243 (Rev. 01/15)

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ N/A _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available):

N/A

_____

(3)   Did you receive a hearing on your motion, petition, or application?
       Yes ☐       No ☐                    N/A

(4)   Did you appeal from the denial of your motion, petition, or application?
       Yes ☐       No ☐                    N/A

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐       No ☐                    N/A

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
                                           N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
       issue:

N/A

**GROUND THREE:**   "INEFFECTIVE COUNSEL" violation of my Sixth Amendment
right - Counsel prejudiced against the accused based on the nature of
       (a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
the crime.  Movant signed plea agreement based on Counsels direction.
However, Counsel stated that I should receive an extremely long sentence
and that he has a problem with me and the case.  Which is the reason
that he did not activate all of the rights that I am entitled to under
the Constitution of the United States.  A petitioner (defendant) must
demonstrate (1) that the defense attorney's representation "fell below

an objective standard of reasonableness, and (2) that the attorney's deficient performance prejudiced the defendant such that "ther reasonable probality that, but for counsel's unprofession errors, the result of the preceeding would have been different.  Counsel did not attempt to advise the court that the Movant was a victim as well.  Although Movant is an adult, she was minipulated severly.

AO 243 (Rev. 01/15)

Page 8

**(b) Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☐     N/A

(2)  If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐     N/A

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐     N/A

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐     N/A

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

N/A

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

AO 243 (Rev. 01/15)

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

GROUND FOUR:  "INEFFECTIVE COUNSEL" - Counsel did not object to the nero-psychological exam, which should have been a mental capacity

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
exam. The Movant is of age as an adult, however, the defendant's ability to be easily minipulated is apparent in the case at bar. The mental makeup or capacity of basic "common" decision making skill set is lacking with this Movant.

(b) Direct Appeal of Ground Four:
(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐   N/A
(2)  If you did not raise this issue in your direct appeal, explain why:
N/A

(c) Post-Conviction Proceedings:
(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐   currently raising on this 28 USC 2255 Motion

(2)  If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available):

N/A

AO 243 (Rev. 01/15)

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐        N/A

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐        N/A

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

INEFFECTIVE COUNSEL - violation of my SIXTH AMENDMENT RIGHT and a VIOLATION OF MY 10 (Tenth) AMENDMENT Right. - Any fact that increases a defendant's incarceration - not found by a jury is a violation of the Movants 10th Amendment right.

"INEFFECTIVE COUNSEL" - Counsel did not object to certain areas of the PSR-PSI in order to preserve Movants' claims via appeal and any other POST Proceedings. Counsel did not correct sentencing computation nor did he address the information that the Probation Office or the Prosecution admitted.

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☒     Not that I am aware of

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the
       you are challenging:

(a) At the preliminary hearing:

James Wesley Smith

(b) At the arraignment and plea:

James Wesley  Smith

(c) At the trial:

N/A

(d) At sentencing:

James Wesley Smith

(e) On appeal:

Rosemary Cakmis

(f) In any post-conviction proceeding:

pro se - Self

(g) On appeal from any ruling against you in a post-conviction proceeding:


16.   Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
       and at the same time?          Yes ☐       No ☒

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?          Yes ☐       No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:          N/A

(c) Give the length of the other sentence:                       N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
sentence to be served in the future?          Yes ☐       No ☐       N/A

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
       why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

AO 243 (Rev. 01/15)

---

  * The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1)   the date on which the judgment of conviction became final;
        (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)

Therefore, movant asks that the Court grant the following relief: To correct, vacate or set
aside current sentence and correctly calculate Movants sentence. Starting
with the correct BASE OFFENSE LEVEL of 38 with a sentence guideline range
between 235-293.  Sentencing the defendant at the Low End of Guideline.
or any other relief to which movant may be entitled.

N/A
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____N/A_____
(month, date, year)

Executed (signed) on _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.